

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center
555 Fourth St., N W.
Washington, D C.  20530*

November 19, 2007

**FILED
NOV 1 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT**

G. Allen Dale, Esq.
601 Pennsylvania Avenue, NW
North Building – Ninth Floor
Washington, D.C.  20004

Danny Onorato, Esq.
Schertler & Onorato
601 Pennsylvania Avenue, NW
North Building – Ninth Floor
Washington, D.C.  20004

      Re:    United States v. Mojtada Maleki-Gomi, Cr. No. 06-291 (JDB)

Dear Messrs. Dale and Onorato:

      This letter sets forth the full and complete plea offer to your client, Mojtada Maleki-Gomi, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the Plea Agreement.  The terms of the offer are as follows:

    1.    **Charges and Statutory Penalties**

      Your client agrees to plead guilty to Count One of the Indictment in this matter, which charges him with conspiring to violate the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1705, and the Iranian Transactions Regulations ("ITR"), 31 C.F.R. Part 560, in violation of 18 U.S.C. § 371.

      Your client understands that Count One of the Indictment carries a maximum sentence of

5 years of imprisonment, a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a 3-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for attempting to make an unlawful export in violation of IEEPA and the ITR as charged in Count Two of the Indictment. In addition, at the time of sentencing, the Government will move to dismiss Count Two of the Indictment as to your client. Your client agrees that, with respect to any and all dismissed charges, your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

2.  **Wiring of Plea Agreement**

Your client understands and acknowledges that this Agreement and any plea of guilty which your client may enter pursuant to this Plea Agreement are contingent upon the entry of a guilty plea by his co-defendant Babak Maleki and the entry into a diversion agreement by his co-defendant Shahram Setudeh Nejad. If either of these co-defendants fails to enter into agreements with the government, this Agreement and any proceedings pursuant to this Agreement shall be withdrawn or voided.

3.  **Factual Stipulations**

Your client agrees that the attached "Factual Proffer in Support of Guilty Plea" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that before or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

4.  **Agreement as Rule 11(c)(1)(C)**

Your client and the government agree that an 18-month sentence is the appropriate sentence for the offense to which your client is pleading guilty. Your client and the government further agree that, upon your client's release from incarceration, he will be on supervised release for a period of three years. Your client and the government further agree that a fine of $200,000 is appropriate in this case. Your client and the government also agree that a condition of your client's supervised release will include his full payment of any outstanding fine amount before termination of the supervised release.

The government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure, to present this plea agreement between the parties to the Court for approval. If the Court accepts the plea agreement and the specific sentence or sentencing range agreed upon by the parties, then the Court will impose sentence and enter a judgment and conviction as

provided for in this plea agreement. The parties understand, however, that the Court may not agree that the above agreed upon sentence or sentencing range is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that, if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or, if your client persists in the guilty plea, will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement.

5. **Information to the United States Probation Office**

Your client acknowledges that, notwithstanding the fact that he is entering his guilty plea pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government will be required to provide the United States Probation Office with information concerning his offense of conviction. The parties agree that § 2M5.1 is the appropriate sentencing guideline and that your client's base offense level is 26 pursuant to § 2M5.1(a)(1). The parties further agree that your client would receive a 2-level enhancement pursuant to § 3B1.1(c) for his leadership role in the offense. The parties also agree that your client merits a 3-level reduction pursuant to § 3E1.1 to reflect his timely acceptance of responsibility. Last, the parties agree that your client has a criminal history category of I. The parties acknowledge that an offense level of 25 and a criminal history category of I result in a recommended sentencing range of 57-71 months.

6. **Forfeiture**

Your client agrees to the criminal forfeiture of your client's interest in the property described in the forfeiture allegation contained in the Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C),, as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the conspiracy to violate IEEPA and the ITR charged in Count One of the Indictment. This property consists of $28,000.00 that law enforcement agents seized from the Union Bank of California, Account No. 0360003264, 10900 Wilshire Blvd., Suite 101, Los Angeles, California 90024, pursuant to a seizure warrant executed on October 5, 2006. In order to effectuate the forfeiture, your client agrees to the entry of a consent decree of forfeiture, a copy of which is attached hereto. Your client further agrees not to contest the administrative forfeiture of the aforementioned property if such administrative forfeiture proceedings are initiated by a law enforcement agency.

7. **Interpreter**

Your client agrees that, if an interpreter is required to assist your client in translating this Plea Agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the Plea Agreement and related documents for the your client into your client's native language. If no such request is made, then your client

hereby declares that your client understands the English language sufficiently well to read and understand this Plea Agreement.

8. **Release Pending Sentencing**

Your client acknowledges that, while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

9. **Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands

that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

10. **Waiver of Statute of Limitations**

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

11. **Debriefings Concerning Foreign Intelligence Information**

As consideration for this plea agreement, your client has undergone a debriefing concerning information that he might have related to violations of the ITR by other individuals or businesses. Your client also agrees to submit to any further such debriefings at the request of the government. These debriefings and this agreement reflect the principles enunciated in the January 10, 2007, memorandum from Deputy Attorney General Paul J. McNulty titled "Incentives for Targets and Subjects of Criminal Investigations and Criminal Defendants in Criminal Cases to Provide Foreign Intelligence Information."

12. **Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

      If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

                                                  Very truly yours,

                                                  JEFFREY A. TAYLOR
                                                United States Attorney

                                                JAY I. BRATT
                                                Assistant United States Attorney
                                                (202) 353-3602


                                      **DEFENDANT'S ACCEPTANCE**

      I have read this Plea Agreement and have discussed it with my attorneys, D. Allen Dale and Danny Onorato. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

      I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorneys in connection with this Plea Agreement and matters related to it.

Date: _____                _____
                                                MOJTADA MALEKI-GOMI
                                                Defendant

## ATTORNEY'S ACKNOWLEDGMENT

     I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: _____  
G. ALLEN DALE, ESQ.  
Attorney for Defendant

Date: 11/19/07 _____  
DANNY ONORATO, ESQ.  
Attorney for Defendant