**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

_____
                                                        )
**UNITED STATES OF AMERICA**            )        Criminal No. CR-06-291-01
                                                        )
     v.                                                )        Sentencing Date:  February 8, 2008
                                                        )
**MOJTADA MALEKI-GOMI,**                )        Honorable John D. Bates
                                                        )
           **Defendant**                            )
_____)

**MEMORANDUM IN AID OF SENTENCING**

Mojtada Maleki-Gomi, by and through undersigned counsel, respectfully submits this Memorandum in Aid of Sentencing setting forth all factors the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).  For the reasons that follow, Mr. Maleki-Gomi respectfully requests that the Court accept the terms of the Rule 11(c)(1)(c) plea as proposed by the parties.  As grounds for this request, Mr. Maleki-Gomi states as follows:

**I.      Introduction**

Mojtada Maleki-Gomi stands before the Court having entered a plea of guilty to one count of Conspiracy to violate the United States' trade embargo with Iran in violation 18 U.S.C. § 371.  Mr. Maleki-Gomi is truly sorry for his conduct in this case.  Mr. Maleki-Gomi's actions in this case are wrong and unjustifiable.  As the Court is aware, Mr. Maleki-Gomi was born and raised in Iran and rationalized his actions.  In pleading guilty, Mr. Maleki-Gomi has taken full responsibility for his actions and offers his sincere apology to the Court, his family, friends, and the community.

## II.     Personal Background of Mr. Maleki-Gomi

Mojtada Maleki-Gomi was born on December 14, 1948 in Tehran, Iran. He was raised in a family of modest means. His father worked as a textile factory owner to provide for Mr. Maleki-Gomi and his eight siblings. Mr. Maleki-Gomi's mother was a housewife. Although Mr. Maleki-Gomi graduated from high school, he did not receive any advanced education. Rather, he spent his formidable years working at his father's textile factory in Iran. Mr. Maleki-Gomi was able to learn the family business and helped to grow it. Much of his success today comes as a result of his working in that business.

Mr. Maleki-Gomi married his wife in 1976. The couple has two children, Babak, who as the court is aware is a co-defendant in this case, and a daughter, Baharak, who is twenty-five years old. Mr. Maleki-Gomi and his family moved to the United States in 1988. Mr. Maleki-Gomi became a U.S. citizen in 1996.

Tragically, as the court is aware, Mr. Maleki-Gomi's wife has struggled with mental health problems, including, bi-polar disorder and major depression. Recently, in part due to the stress associated with these matters involving her husband and son, Mrs. Maleki-Gomi's condition has worsened. We realize that the Court is aware of the information contained in the Presentence Investigation Report and we wish to elaborate further on these matters at the sentencing hearing.

## III.     Application of the Statutory Sentencing Factors to the Facts of this Case

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. *United States v. Booker*, 125 S.Ct. 738, 756 (2005). In sum, in every case, a sentencing court must now consider all of the factors set forth in

18 U.S.C. § 3553(a), not just the advisory guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. We would respectfully ask the Court, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to adopt the terms of the plea agreement. In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

### A. The Nature and Circumstances of the Offense and History and Characteristics of the Defendant

#### i. Nature and Circumstances of the Offense

The crux of the case is that in 2005 and 2006, Mr. Maleki-Gomi agreed to facilitate the shipment of some very old sewing machines from the United States through Dubai to Iran in violation of United States regulations prohibiting United States citizens from engaging trade with Iran.

While Mr. Maleki-Gomi knows that it was wrong to partake in this activity, we would like to illustrate that these were textile machines and not any types of products that posed a danger to anyone or the Untied States' interests aboard. As such, while the conduct was wrong, we would ask the Court to consider the nature of the items being shipped when considering whether to accept the terms of the agreement between the parties.

#### ii. History and Characteristics of the Defendant

Mr. Maleki-Gomi is a very hard worker and is a good father. He does not have an extensive criminal history, although he does have a domestic abuse conviction from more than a decade ago. While there is never an excuse for such conduct, the charges stem from Mr. Maleki-Gomi's difficulties in coping with his wife's mental health problems. He received domestic violence counseling and learned to appreciate his wife's mental illness and has never engaged in

3

that type of behavior again. Indeed, Mr. Maleki-Gomi is deeply troubled about his conduct in this case and blames himself for exacerbating his wife's condition. He is extremely concerned that his ultimate separation from her will cause her further harm.

### iii.    Need for Sentence Imposed.

While we recognize that the United States has a strong interest in prohibiting commerce with Iran, Mr. Maleki-Gomi does not dispute the importance of this objective, and by accepting responsibility, he has demonstrated the utmost respect for the United States' efforts to prosecute and punish individuals who violate this provision of the law.

### B.    18 U.S.C. §§ 3553(a)(2)(A) – 3553(a)(2)(D) Factors.

We respectfully submit that the recommended disposition is consistent with the factors set forth in the statute.

### i.    Punishment Will Reflect Seriousness of the Offense

We would ask the Court to recognize that a sentence of 21 months of incarceration is a lengthy period of incarceration given the fact that Mr. Maleki-Gomi was attempting to ship salvaged-quality sewing machines to Iran. This period of incarceration will clearly illustrate that his crime is serious and is not to be taken lightly.

### ii.    Need to Afford Adequate Deterrent Effect

Mr. Maleki-Gomi's conviction, incarceration and fine will provide more than adequate deterrence to the community at large and to Mr. Maleki-Gomi individually. It is no secret that Mr. Maleki-Gomi has been prosecuted and a strong message of deterrence has been specifically sent to the Iranian community living in the United States.

### iii. Need to Protect the Public from Further Crimes

Mr. Maleki-Gomi will never be involved in any criminal conduct again and, if the Court were to accept the terms of the agreement, will pay a hefty price for his actions. He understands the magnitude of the offense and the harm that it can do to society. As a result, he will not be a recidivist.

### IV. Conclusion

Based on the foregoing, Mojtada Maleki-Gomi respectfully submits that a sentence of 21 months is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

Dated: February 1, 2008                                 Respectfully submitted,


                                                        _____/s/_____
                                                        Danny C. Onorato (DC Bar # 480043)
                                                        Schertler & Onorato, LLP
                                                        601 Pennsylvania Avenue, N.W.
                                                        North Building, 9th Floor
                                                        Washington, D.C. 20004-2601
                                                        Telephone: (202) 628-4199
                                                        Facsimile: (202) 628-4177

                                                        *Counsel for Defendant Mojtada Maleki-Gomi*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Memorandum in Aid of Sentencing was served, via facsimile and first-class mail, postage prepaid, this 1st day of February 2008, upon the following:

Crystal Lustig
United States Probation Officer
333 Constitution Avenue, N.W.
Washington, D.C.  20001
Facsimile: (202) 273-0242

                                                                                          /s/
                                                                                      Danny Onorato